Case: 1:25-mj-00108
Assigned To: Judge Faruqui, Zia M.
Assign. Date: 6/24/2025
Description: COMPLAINT W/ARREST WARRANT

## STATEMENT OF FACTS

On Monday June 4, 2025, at approximately 5:56 PM, Officer Brian Lafranchise of the Metropolitan Police Department (MPD) Seventh District was conducting patrol in PSA 701, wearing full MPD uniform in a fully marked cruiser.  At approximately 5:56 PM, Officer Lafranchise was sitting in his police cruiser on Morris Rd SE at the stop light at the intersection of Morris Rd SE and Martin Luther King Jr Ave SE. While waiting for the light to turn green, Officer Lafranchise witnessed Defendant Sidney ROGERS (hereinafter "ROGERS") operating a black and neon yellow all-terrain vehicle (an "ATV") traveling northeast bound across the intersection of Morris Rd SE and Martin Luther King Jr Ave SE, perpendicular to Officer Lafranchise's marked police cruiser. When the light turned green for  Officer Lafranchise, Officer Lafranchise turned right onto Martin Luther King Jr Ave SE and could see ROGERS still operating the ATV approximately one block ahead of him.  At that point, the ATV was still traveling northeast bound, but ROGERS soon thereafter pulled over and parallel parked in between two cars 2100 Martin Luther King Jr Ave SE.  It appeared to Officer Lafranchise that ROGERS then turned off the vehicle.  Officer Lafranchise then also pulled his police cruiser next to ROGERS and exited the police cruiser with the intent to arrest ROGERS for violation of 22 D.C. Code § 50–2201.04b which prohibits, in relevant part, the operation and parking of ATVs in public spaces in the District of Columbia.

As Officer Lafranchise exited the police cruiser and came around the front of the cruiser, ROGERS frantically turned back on the ATV and tried to move it forward.  Though Officer Lafranchise was able to grab ROGER's left arm for a moment, ROGERS was able to turn the throttle on the ATV and rapidly accelerate forward, colliding immediately into a parked vehicle in front of him, causing damage to that vehicle's rear passenger side bumper.



*Image of ROGERS as Officer Rounded Police Cruiser*



*Image of ROGERS on ATV Crashed into Parked Vehicle*

ROGERS then fled on foot, running across the street away from Officer Lafranchise. Officer Lafranchise then noticed a tan grip of a handgun protruding from the left side of ROGERS' body tucked into ROGERS shorts. ROGERS continued to flee and as he did so, he tossed off his backpack.



*Image of ROGERS Fleeing Across the Street*



*Image of ROGERS with Firearm in Waistband*



*Closer Image of ROGERS with Firearm in Waistband*



*Image of ROGERS Against Second Vehicle*

Officer Lafranchise eventually was able to grab ROGERS and attempted to place him under arrest. ROGERS began to resist arrest. Officer Butler then arrived and assisted Officer Lafranchise in handcuffing ROGERS. Officer Djunga also arrived and pulled the firearm from ROGERS' waistband.



*Image of Firearm in ROGERS' Waistband*



***Image of Firearm Removed from ROGERS' Waistband***

Officer Ogbourne found a broken black Glock 17 magazine with a capacity of seventeen (17) rounds along with sixteen (16) 9mm Luger rounds across the street of 2100 Martin Luther King Jr Ave SE by the bus stop at the northwest corner of the intersection of Martin Luther King Jr Ave SE and W St SE, which was directly in ROGERS' flight path. The damage to the magazine was consistent with having been dropped.



*Image of Broken Magazine in ROGERS' Flight Path*

The firearm was a black and tan P80 with serial number AARP414 on the slide. The firearm had one 9mm Luger round in the chamber.



***Image of Firearm Recovered from ROGERS with Round from Chamber***

ROGERS's identity was confirmed, and it was confirmed that ROGERS did not have a license to carry a handgun in the District of Columbia. A criminal history check showed that ROGERS was previously convicted in 2023 in D.C. Superior Court Case number 2022-CF2-2003585 of: Unlawful Possession of a Firearm (Prior Conviction) and sentenced to 18 months of incarceration with 4 months suspended, followed by a period of probation. Accordingly, ROGERS would have been aware that he was previously convicted of a crime punishable by a term of imprisonment exceeding one year at the time he was possessing the firearm and ammunition.

Your affiant is aware there are no firearm or ammunition manufacturers in the District of Columbia. Therefore, the ammunition described above necessarily traveled in interstate commerce before they were recovered in the District of Columbia.

As such, your affiant submits that probable cause exists to charge Sidney ROGERS with violation of 18 U.S.C. 922(g)(1) **(Unlawful Possession of Ammunition By a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year)** and violation of 22 D.C. Code 4503(a)(1) **((Unlawful Possession of Firearm (Prior Conviction)).**

/s/ Brian Lafranchise

Officer Brian Lafranchise
Metropolitan Police Department

Subscribed and sworn by telephone pursuant to Fed. R. Crim. P. 4.1 and 41(d)(3) on June 24, 2025.

Honorable Zia M. Faruqui
United States Magistrate Judge